UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID A. HAGEDORN,              :          NO. C-1-01-781
                                :
        Plaintiff,              :
                                :
    v.                          :          **ORDER**
                                :
                                :
VERITAS SOFTWARE CORP.,         :
                                :
        Defendant.              :


        This matter is before the Court on Defendant Veritas
Software Corporation's Motion for Summary Judgment (doc. 19),
Defendant's Supplemental Filing (doc. 20), Plaintiff's Memorandum
in Opposition (doc. 23), and Defendant's Reply (doc. 24).

                          **BACKGROUND**

        Plaintiff David Hagedorn alleges that he was wrongfully
terminated from his position as a General Electric (hereinafter
"GE") account executive for Defendant Veritas Software Corporation
(hereinafter "Veritas"), because of his age (doc. 1).  The parties
do not dispute the following facts that have been derived from the
pleadings, motions, responses in this case.

        In May 2001, some six months after he was hired, Hagedorn
left a voicemail message for Loren Douglass, an African American
employee of GE with whom Hagedorn was in communication as a part of
his job (doc. 19).  After recording the message for Douglass and

mistakenly believing that he had disconnected from Douglass' line, Hagedorn connected to his supervisor at Veritas, Frank O'Connor (<u>Id</u>.).   In the subsequent conversation between Hagedorn and O'Connor, Hagedorn commented that he hoped Douglass would return his call, that he thought Douglass may be African American, but that "not that <u>that</u> makes any difference" (<u>Id</u>.).   O'Connor reportedly chuckled at the comment (<u>Id</u>.).   Hagedorn added, "Just don't be shocked, okay?" apparently intimating that Douglass might not return his call because Douglass was African American (<u>Id</u>.). The conversation between Hagedorn and O'Connor was recorded on Douglass' voicemail, which Douglass later heard, found offensive, and reported to GE's human resources department (<u>Id</u>.).

        GE considered Hagedorn's comment unprofessional and initially stated that it did not want Hagedorn or O'Connor calling on GE again (doc. 19). Veritas also determined that the racial comment to its customer was unacceptable and violated the company's policy against discrimination and harassment (<u>Id</u>.).   Veritas terminated Hagedorn (<u>Id</u>.).   O'Connor was given a written warning (<u>Id</u>.).

        Hagedorn argues that Veritas has inconsistently enforced its "zero tolerance" policy with regard to racial epithets because Hagedorn, aged sixty, was terminated while O'Connor, aged forty-two, was  given a written warning (doc. 1).  Hagedorn alleges that the inconsistent treatment is due to age discrimination (<u>Id</u>.).

Veritas contends that Hagedorn and O'Connor are not similarly situated employees because O'Connor did not make the comment (doc. 24). In addition, Veritas points out that O'Connor services other Veritas accounts (Id.). On the other hand, Hagedorn's only customer, GE, no longer desired to do business with him, but later "left it up in the air as for Mr. O'Connor" (Id.).

Plaintiff brings his claim under 29 U.S.C. §§ 621 et seq., the Age Discrimination in Employment Act ("ADEA"); Ohio Revised Code § 4112.14; and under the theory that his discharge was a breach of Ohio public policy (Id.).

**ANALYSIS**

**I.  Standard of Review**

The narrow question that this Court must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. Id. at 321; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Guarino, 980 F.2d at 405.

As the Supreme Court stated in Celotex, the non-moving party must "designate" specific facts showing there is a genuine issue for trial. Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, "'the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.'" Guarino, 980 F.2d at 405 (quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990)).

Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). Furthermore, the fact that the

4

non-moving party fails to respond does not lessen the burden on the moving party or the court to demonstrate that summary judgment is appropriate. Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

## II.  Discussion

In order to establish a claim of age discrimination, Plaintiff may either introduce direct evidence of discrimination or prove circumstantial evidence that would support an inference of discrimination. Kline v. Tenn. Valley Auth., 128 F.3d 337, 348 (6th Cir. 1997), Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d 1078, 1081 (6th Cir. 1994); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802,(1973); Ackerman v. Diamond Shamrock Corp., 670 F.2d 66 (6th Cir. 1982).  The same evidentiary framework applies to discrimination claims brought under the ADEA and discrimination claims brought under Ohio state law.  Allen v. Ethicon, Inc., 919 F. Supp. 1093, 1098 (S.D. Ohio 1996), Mitchell v. Toledo Hospital, 964 F.2d 577 (6th Cir. 1992).

In this case, Plaintiff has not alleged facts supporting a claim of direct evidence of discrimination.  Therefore, in order to prevail on a circumstantial evidence theory, Plaintiff must establish a prima facie case of age discrimination by proving that (1) he was over forty, (2) he was qualified, (3) he suffered an adverse employment action, and (4) he was replaced by a substantially younger employee or additional evidence shows that

the employer was motivated by Plaintiff's age in making its decision. O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308 (1996), McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1972). In cases such as this one, alleging disparate treatment, the fourth element can be established by showing that, for the same or similar conduct, the plaintiff was treated less favorably than substantially younger similarly-situated employees. Mitchell v. Toledo Hospital, 964 F.2d 577, 583 (6th Cir. 1992).

Defendant argues in its motion that Plaintiff cannot establish his case because the decision-makers, Mr. Joe Julian and Mr. Mike Coney, who decided to terminate Hagedorn's employment had never met nor spoken with him, and did not know his age. Defendant argues, relying on a number of discrimination cases based on pregnancy, disease, religion, or disability, that where the employer does not know of the protected status of the employee, the employer cannot be held liable for intentional discrimination (doc. 19)(citing Prebilich-Holland v. Gaylord Entertainment Co., 297 F.3d 438 (6th Cir. 2002), Fisher v. Trinova Corp., No. 96-3918, 1998 U.S. App. LEXIS 26249 (6th Cir. October 13, 1998), Burns v. City of Columbus, 91 F.3d 836, 844 (6th Cir. 1996), Geraci v. Moody-Tottrup Int'l, Inc., 82 F.3d 578 (3rd Cir. 1996), Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928 (7th Cir. 1995), Wesley v. Stanley Door Systems, 986 F. Supp. 433, 436 (E.D. Mich. 1997)).

Plaintiff argues that he can raise a genuine issue of

6

material fact as to the knowledge of Mssrs. Julian and Coney about his age, because he met them at a National Accounts meeting within a month prior to his termination (doc. 23). Hagedorn alleges that at that time he personally spoke with the decision-makers, and that because he has white hair his age would have been evident to them (<u>Id</u>.). Plaintiff further argues that a review of his professional background that includes nearly forty years of employment prior to that with Veritas, would inevitably reveal his approximate age (<u>Id</u>.).

The Court finds that Plaintiff has alleged enough facts to raise a genuine issue as to whether the Defendant knew his age. Unlike a pregnancy in its early stages, a latent hidden disease, or a private religious belief, Plaintiff's age was no secret to the Defendant. For these reasons, the Court finds it inappropriate to dismiss Plaintiff's <u>prima</u> <u>facie</u> case on the basis that the decision-makers purportedly had no knowledge of Plaintiff's age.

Defendants next argue that Hagedorn was not replaced by someone outside the protected class. Defendants cite <u>Lilley v. BTM Corp.</u>, 958 F.2d 746, 752 (6th Cir. 1992) for the proposition that "Spreading the former duties of a terminated employee among the remaining employees does not constitute replacement." Defendant argues that another Veritas employee, David Dickmeyer, moved into the position of a national account representative and assumed the GE account formerly serviced by Plaintiff. Even if such move

7

constitutes a replacement, Defendants argue that Dickmeyer was over the age of forty, and therefore does not fall outside of the protected class.  Plaintiff responds, and the Court finds well-taken, with the argument that one employee assumed his duties, that consequently <u>Lilley</u> is inapposite, and that he was replaced (doc. 23).  Plaintiff further responds that emphasis on the fact that his replacement is over forty is misplaced when it is undisputed that his replacement was substantially younger (<u>Id</u>.).  The Court finds that Plaintiff has raised a genuine issue of material fact as to his replacement by a younger employee.

Defendants' final attack of Plaintiff's <u>prima facie</u> case is rooted in the theory that Plaintiff was not similarly-situated to anyone.  The Court finds this final argument well-taken, and for this reason finds that Plaintiff has failed to meet the <u>prima facie</u> requirement that he was treated less favorably that a substantially younger similarly-situated employee.  <u>Mitchell v. Toledo Hospital</u>, 964 F.2d 577, 583 (6th Cir. 1992).

Contrary to his arguments, Hagedorn is not similarly-situated to Frank O'Connor.  Mr. O'Connor did not make the remark that offended the GE employee.  GE requested that Hagedorn no longer call on them, while making no similar request as to Mr. O'Connor.  GE was Hagedorn's sole account, while Mr. O'Connor had responsibility for other accounts than GE.  Veritas could therefore retain O'Connor in his position servicing other accounts without

8

disruption, while in contrast, retaining Hagedorn would require reassignment to other accounts or to another position, as there was no longer work for him to do with GE.

Ordinarily the Court would end its analysis here. However, as a final matter, the Court notes that even had Plaintiff succeeded in pleading a prima facie case, it is clear that Defendant had a legitimate, nondiscriminatory reason for the termination of his employment. Plaintiff had made remarks found offensive by a representative of the only account for which Plaintiff was responsible. The burden shifts therefore to Plaintiff to show that Defendant's proffered justification is merely pretextual. Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). Plaintiff has offered no evidence that the decision-makers were motivated by discriminatory animus. Plaintiff cites Hudson v. Insteel Industries, Inc., No. 99-6217, 2001 U.S. App. LEXIS 3214 (6th Cir. Feb. 23, 2001), Ross v. Campbell Soup Co., 237 F.3d 701 (6th Cir. 2001), and Lewis v. Quaker Chemical Corp., No. 99-5405, 2000 U.S. App. LEXIS 22321 (6th Cir. Aug. 24, 2000) for the proposition that Plaintiff's "qualifications standing alone provide ample evidence" that Defendant's proffered reasons for terminating him were pretextual (doc. 23). However, the Court finds such cases inapposite, as in each of them the proffered reason for termination was poor performance, rather than a violation of company policy as in the

9

case at bar.[1]   Plaintiff likewise reiterates his argument that Veritas selectively enforced its no-tolerance policy by not firing Mr. O'Connor (doc. 23).   However, as indicated above, the Court does not find Mr. O'Connor similarly-situated to Plaintiff (Id.). Plaintiff likewise proffers testimony of a co-worker that shows that there were ageist comments made on the job (Id.), but Plaintiff does not link such testimony to the decision-makers.   The Court notes that it would simply defy logic for the decision-makers to hire Plaintiff in late 2000 and turn around six months later and fire him based on his age.   In conclusion, the Court finds that even had Plaintiff succeeded in pleading his prima facie case, Plaintiff has not demonstrated that Defendant's proffered reason for his termination was pretextual.

---

[1]In Lewis, the Sixth Circuit directed that "the plaintiff's rebuttal evidence must allow a rational factfinder to conclude that employer's proffered explanation for its actions were false." Lewis, 2000 U.S. App. LEXIS 22321 at *28 (emphasis added).  In each of the three cases cited by Plaintiff, the defendant employer's proffered reason for terminating the employee was for poor job performance. See Hudson, 2001 U.S. App. LEXIS 3214 at *14 (employee alleged to be "performing poorly"); Ross, 237 F.3d at 703 (employee received a "largely negative" performance review);  Lewis, 2000 U.S. App. LEXIS 22321 at *27 (employee eliminated based on "low sales performance").  Each of the courts in these cases merely acknowledged that prior excellent performance by the employee could rebut the employer's proffered reason for termination, poor performance.

In this case, Veritas maintains that it terminated Hagedorn because Hagedorn violated a company policy prohibiting all racial discrimination and harassment.  Hagedorn was not terminated for performance problems.  Evidence of Hagedorn's excellent past performance would not allow a rational factfinder to conclude that Veritas' explanation for the termination was pretextual.

## III. Conclusion

Having reviewed this matter, the Court finds that Plaintiff's age discrimination complaint fails as a matter of law because he has not established that he was replaced by a similarly situated individual. Consequently, the Court finds it appropriate to dismiss Plaintiff's claim under 29 U.S.C. §§ 621 et seq., the Age Discrimination in Employment Act ("ADEA"). As the Court dismisses Plaintiff's federal claim, it has no basis to exercise supplemental jurisdiction over Plaintiff's claims under Ohio Revised Code § 4112.14, or under the theory that his discharge was a breach of Ohio public policy.

Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment (doc. 19) as to his ADEA claim and DISMISSES such claim with prejudice. The Court further DISMISSES without prejudice Plaintiff's claims based on Ohio law.

SO ORDERED.

Dated: _____          s/S. Arthur Spiegel
                             United States District Judge