FILED
MAY 0 6 2005
LEONARD GREEN, Clerk

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 01-781

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Case No. 03-4292

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| DAVID A. HAGEDORN, ) <br> ) <br> Plaintiff-Appellant, ) <br> ) <br> v. ) <br> ) <br> VERITAS SOFTWARE CORP., ) <br> ) <br> Defendant-Appellee. ) <br> ) <br> ) | ON APPEAL FROM THE <br> UNITED STATES DISTRICT <br> COURT FOR THE SOUTHERN <br> DISTRICT OF OHIO |

BEFORE: MARTIN and BATCHELDER, Circuit Judges; O'MEARA,* District Judge.

ALICE M. BATCHELDER, Circuit Judge. David A. Hagedorn ("Hagedorn") appeals the district court's grant of summary judgment to Veritas Software Corporation ("Veritas") on Hagedorn's claim that Veritas terminated his employment because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et. seq., Ohio Revised Code §4112.14, and Ohio public policy. The district court held that Hagedorn failed to establish a prima facie case of age discrimination and that, even if he had, he failed to rebut Veritas's legitimate nondiscriminatory reason for terminating his employment. Although we find that Hagedorn established his prima facie case of age discrimination, we affirm the district court's judgment because Hagedorn failed to present evidence demonstrating pretext.

I.

---

*The Honorable John Corbett O'Meara, District Judge for the Eastern District of Michigan, sitting by designation.

At the time Veritas hired Hagedorn on January 2, 2001, he was 60 years old. Hagedorn was hired principally because he had previous experience working with General Electric ("GE") as a customer service representative for other companies. In February 2001, he became a sales representative in Veritas's newly formed National Accounts Division. GE was Hagedorn's only client. Frank O'Connor ("O'Connor"), who was 42 years old at the time, became Hagedorn's immediate supervisor. O'Connor was responsible for supervising a number of other account representatives as well.

On May 8, 2001, during a telephone conversation between Hagedorn and O'Connor which was inadvertently recorded on a GE employee's voice mail, Hagedorn made a racially offensive comment about the GE employee, at which O'Connor laughed. When the GE employee listened to the voice mail, he found it offensive and sent the recording via e-mail to GE's Human Resources Director, who, in turn, forwarded it to the Chief Administrative Officer at Veritas, with the message that, "we certainly do not want individuals like Dave or his boss (Frank?) calling on GE . . . ." The GE Human Resources Director later told the Veritas Officer over the phone that GE wanted both O'Connor and Hagedorn off the GE account.

Joe Julian, Veritas's Senior Vice President of Sales for the Americas, and Mike Coney, Vice President of U.S. Sales, were the Veritas officers responsible for determining the appropriate discipline for Hagedorn and O'Connor. They decided to fire Hagedorn because "[h]e had made a racially insensitive, inflammatory comment to one of [Veritas's] key customers . . . which violated [Veritas's] harassment and discrimination policies." According to Julian, the fact that Hagedorn was hired to service the GE account but, because of GE's specific objection to dealing with him, could no longer do so, also contributed to their decision to fire Hagedorn. David Dickmeyer, a 44- year-

old Veritas account representative, assumed responsibility for the GE account. Julian and Coney decided not to fire O'Connor, instead issuing him a written warning because his laughing at the comment, although inappropriate, did not violate Veritas's codes of conduct. O'Connor was taken off the GE account for a period of time, but later put back on because of his experience with GE.

## II.

We review de novo the district court's grant of summary judgment. *Pinney Dock and Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1472 (6th Cir. 1988). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Although Hagedorn has no direct evidence of age discrimination, he may establish a prima facie case of age discrimination by proving four elements: (1) he was over forty; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a substantially younger employee, or additional evidence shows that the employer was motivated by Hagedorn's age in making the decision to fire him. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 310 (1996). Only the fourth element is at issue here. The district court found that Hagedorn raised a genuine issue of material fact as to his replacement by a younger employee. Noting that an ADEA plaintiff may establish the fourth element of his prima facie case by presenting evidence that he was treated less favorably than a similarly situated substantially younger employee,

3

however, the district court held that Hagedorn could not establish his prima facie case because Hagedorn "was not similarly situated to anyone."

We think that the district court erred in concluding that Hagedorn did not establish a prima facie case of age discrimination. Hagedorn needed only to raise a material issue of fact regarding *either* his replacement by a substantially younger individual *or* his less favorable treatment compared to a similarly situated and substantially younger individual. We have held that "[a] person is replaced only when another employee is hired *or* reassigned to perform the plaintiff's duties." *Barnes v. GenCorp, Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990) (emphasis added). Hagedorn presented evidence that David Dickmeyer, a 44-year-old Veritas account representative at the time Hagedorn was terminated, was "reassigned" to perform Hagedorn's duties. O'Connor testified that Dickmeyer was not on the national sales team prior to taking over the GM account. Dello Russo testified that Dickmeyer "replaced" Hagedorn. Dickmeyer was 44 at the time, 16 years younger than Hagedorn. This evidence is sufficient for a jury to conclude that Hagedorn was replaced by a substantially younger individual.

### III.

Even though Hagedorn established a prima facie case of age discrimination, he cannot survive summary judgment because he cannot establish that Veritas's alleged nondiscriminatory reason for terminating his employment was pretextual. A plaintiff can refute an employer's alleged legitimate, non-discriminatory reason by showing that the proffered reason either: (1) has no basis in fact; (2) did not actually motivate the decision; or (3) is insufficient to warrant the decision. *Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003). Hagedorn claims that the evidence

4

demonstrates all three. We conclude that Hagedorn has not provided evidence sufficient to raise a genuine issue as to any of the three.

To support his claim that Veritas's alleged nondiscriminatory reason for firing lacks a factual basis, Hagedorn points to Veritas's interrogatory response claiming that it fired Hagedorn because he "failed to appreciate the seriousness of this conduct and failed to acknowledge that his conduct had been inappropriate and in violation of Veritas's policy." Hagedorn asserts that because he offered to apologize to the GE representative whom he offended, there is a material issue of fact as to whether he failed to appreciate the seriousness or acknowledge the inappropriateness of his action. The interrogatory response, however, also stated that Veritas fired Hagedorn for leaving a "derogatory comment on a client's voice mail." The fact that Hagedorn made a derogatory comment on a client's voice mail, which Hagedorn does not dispute, provides a sufficient non-discriminatory reason for firing Hagedorn, regardless of whether he felt remorse after-the-fact.

Hagedorn next claims that evidence of Veritas employees' age-discriminatory comments demonstrates that Hagedorn's racially discriminatory comment did not actually motivate his termination, and that Veritas really fired him because of his age. We have held, however, that "remarks made by an individual who has no authority over the challenged employment action are not indicative of discriminatory intent." *Johnson*, 319 F.3d at 868. Hagedorn has not presented any evidence that the employees who allegedly made age-discriminatory comments had any influence over the persons who made the decision to fire Hagedorn. Consequently, Hagedorn has not shown that his firing was not actually motivated by his inappropriate comment.

Finally, Hagedorn argues that Veritas's failure to fire O'Connor demonstrates that Hagedorn's offensive comment was an insufficient reason to fire him. We have recognized that a

plaintiff demonstrates the third basis for finding pretext if he presents evidence that the employer did not fire a similarly situated employee who was not in the protected class and who engaged in conduct substantially similar to that of the plaintiff. *Johnson*, 319 F.3d at 866. We explained, however, that "the employee with whom the plaintiff seeks to compare himself must be similar in all of the *relevant* aspects in order for the two to be similarly-situated." *Id.* at 867 (internal quotation omitted). The relevant factors in determining similarity of situation generally include "the employees' supervisors, the standards that the employees had to meet, and the employees' conduct." *Id.* The weight to be accorded to each of these factors will depend on the facts of the particular case. *Id.*

O'Connor is not similarly situated to Hagedorn. The fact that Hagedorn made the offensive comment, while O'Connor apparently laughed at that comment, is a relevant distinction. That O'Connor was not dismissed for laughing at the comment does not establish that Hagedorn's dismissal for making a racially offensive comment was pretextual. The differences in Hagedorn's and O'Connor's positions are also relevant. O'Connor was a supervisor, and supervised several other accounts, while Hagedorn's only client was GE; terminating Hagedorn's employment had a less disruptive effect on the National Accounts Division than firing O'Connor would have had. Hagedorn has not provided evidence that the stated reason for his termination – that he made the racially offensive comment – was not sufficient to support the decision to terminate his employment.

## IV.

Because Hagedorn has failed to provide evidence from which a jury could conclude that Veritas's asserted reason for firing Hagedorn was pretextual, we **AFFIRM** the judgment of the district court.